FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

SEP 10 2007

D. MARK JONES, CLERK
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

|  |  |
|---|---|
| KEVIN K. KING,<br><br>      Plaintiff,<br><br>v.<br><br>DAVE PATT et al.,<br><br>      Defendants. | Case No. 2:04-CV-829 TC<br><br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff, Kevin K. King, an inmate at the Central Utah Correctional Facility, filed this pro se civil rights suit under 42 U.S.C. § 1983. See 42 U.S.C.S. § 1983 (West 2007). Plaintiff was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(b). See 28 id. § 1915. This case is now before the Court on Plaintiff's motion to voluntarily dismiss Claim One of the Complaint, Washington County Jail's motion for dismissal, and, Plaintiff's motions for privileged legal mail status and appointed counsel.

## ANALYSIS

### I. Background

Plaintiff's Complaint alleges two counts of failure to provide medical care in violation of the Eighth Amendment. Count One alleges that Defendants failed to provide doctor-recommended followup care for a broken wrist Plaintiff sustained prior to

being booked into the Washington County Jail on May 29, 2002. Count Two alleges denial of medical care for a detached retina Plaintiff allegedly suffered while incarcerated at the jail.

In its initial screening order, dated September 6, 2006, (Doc. no. 34) the Court concluded that Plaintiff's allegations regarding his eye injury were sufficient to state a claim. However, the Court found that Plaintiff failed to properly allege exhaustion of available administrative remedies regarding his wrist-injury claim. Thus, based on the Tenth Circuit's "total exhaustion rule," set out in <u>Steele v. Federal Bureau of Prisons, 355 F. 3d 1204, 1210 (10th Cir. 2003)</u>, the Court found that Plaintiff's complaint was subject to dismissal without prejudice because it failed to allege exhaustion on all claims. Plaintiff was given thirty days in which to voluntarily dismiss his unexhausted wrist-injury claim with prejudice, and proceed with only his exhausted eye-injury claim, or else have his entire case dismissed without prejudice. On September 22, 2006, in response to the Court's screening order, Plaintiff filed the present motion to voluntarily dismiss his wrist-injury claim with prejudice.

On March 19, 2007, the Court vacated its screening order based on the Supreme Court's decision in <u>Jones v. Bock, 127 S. Ct. 910, 921 (2007)</u>, which struck down the Tenth Circuit's "total

2

exhaustion rule." The Court also ordered official service of Plaintiff's Complaint upon Defendants at that time. On May 15, 2007, after the remaining Defendants had answered the Complaint, the Court ordered Defendants to prepare a *Martinez* report addressing Plaintiff's claims. Defendants' joint *Martinez* report was filed on August 24, 2007, however, it does not address the merits of Plaintiff's wrist-injury claim, nor does it present any evidence regarding exhaustion of administrative remedies on that claim. Instead, the *Martinez* report asserts that Plaintiff's wrist-injury claim should be dismissed with prejudice based on Plaintiff's motion for voluntary dismissal.

## II. Plaintiff's Motion to Voluntarily Dismiss Count One

The obvious rationale for Plaintiff's motion to voluntarily dismiss Count One was the Court's screening order of September 6, 2006, finding that Plaintiff's failure to allege exhaustion on his wrist-injury claim made his entire complaint subject to dismissal under the "total exhaustion rule." After the Supreme Court struck down that rule in *Jones*, however, the Court vacated its screening order *sua sponte* and directed official service of Plaintiff's entire Complaint upon Defendants. Thus, although Plaintiff never formally withdrew his motion to voluntarily dismiss Count One, it was clearly mooted by the Court's subsequent order of March 19, 2007.

Moreover, based on the Supreme Court's decision in *Jones*, dismissal of Count One for failure to exhaust administrative remedies would be improper based only on the pleadings. Although Defendants may be entitled to summary judgment if they can prove that Plaintiff failed to exhaust available administrative remedies on this claim, there is presently no evidence of such a failure before the Court.

Accordingly, the Clerk of Court is directed to terminate Plaintiff's pending motion for voluntary dismissal as moot, based on the Court's order of March 19, 2007. And, Defendants are directed to supplement their joint *Martinez* report within thirty days to properly address Count One of Plaintiff's Complaint. The Court's previous instructions regarding Plaintiff's response to the *Martinez* report or motion for summary judgment will remain in effect, however, the deadline for Plaintiff's response will run from the time the supplemental *Martinez* report is filed.

### III. Washington County Jail's Motion to Dismiss

Defendants move for dismissal of the Washington County Jail ("jail") as a defendant in this case. Defendants argue that although the jail is named as a defendant in the caption of the Complaint there are no specific allegations against the jail itself. Defendants also point out that the jail is not a separate legal entity with the power to sue or be sued.

Plaintiff has not filed any objection or other response to Defendants' motion.

As thoroughly explained in Defendants' supporting memorandum, the jail is not a sueable "person" under § 1983; instead, it is merely a subdivision of Washington County, which, under Utah law, is the relevant legal entity with the capacity to sue and be sued. See Owens v. Rush, 636 F.2d 283, 286 (10th Cir. 1980). However, Plaintiff has not alleged any facts showing that Washington County played any role in causing Plaintiff's injuries. Thus, the Court concludes that the Washington County Jail's unopposed motion for dismissal must be granted.

### IV. Appointed Counsel/Legal Mail

Plaintiff has renewed his motion for appointed counsel to assist him in pursuing this case. In his numerous motions for appointed counsel Plaintiff has argued that counsel is warranted based on the complexity of this case, Plaintiff's lack of legal training or access to legal materials, and the limited assistance available through the prison contract attorneys. Plaintiff has also filed a "Motion Requesting Privileged Legal Mail Status" asserting that prison officials are interfering with his legal correspondence.

It is well established that Plaintiffs in civil cases do not have a constitutional right to counsel. See Carper v. Deland, 54

5

F.3d 613, 616 (10th Cir. 1995); _Bee v. Utah State Prison_, 823 F.2d 397, 399 (10th Cir. 1987). However, a court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1). See 28 U.S.C.S. § 1915(e)(1) (2005); _Carper_, 54 F.3d at 617; _Williams v. Meese_, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." _McCarthy v. Weinberg_, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the Court considers a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" _Rucks v. Boergermann_, 57 F.3d 978, 979 (10th Cir. 1995) (quoting _Williams_, 926 F.2d at 996); accord _McCarthy_, 753 F.2d at 838-39.

Based on its review of Defendants' _Martinez_ report and accompanying exhibits the Court finds that Plaintiff's allegations have sufficient merit to warrant appointed counsel. The Court also finds that factual issues remain which will likely require additional discovery, possibly including depositions or expert medical testimony. Finally, it is clear from Plaintiff's filings that he is not capable of adequately pursuing this case further on his own, given his disabilities, prisoner status, and

lack of legal training. Thus, Plaintiff's motion for appointed counsel is granted. The Court will find an attorney to represent Plaintiff on a pro bono basis. All deadlines applicable to Plaintiff will run from the time Plaintiff's counsel files a notice of appearance.

Based on its decision to appoint counsel for Plaintiff, the Court denies Plaintiff's motion for an injunction regarding the prison's handling of Plaintiff's legal mail. However, if Plaintiff continues to encounter problems with receipt of his legal mail he may renew his request for appropriate relief through his attorney.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) The Clerk's Office is directed to **terminate**, as moot, Plaintiff's pending motion for voluntary dismissal of Count One;

(2) Defendants shall file a supplemental *Martinez* report addressing Count One of the Complaint within **thirty days**;

(3) Washington County Jail's motion to dismiss is **granted**;

(4) Plaintiff's motion for appointed counsel is **granted**, and, all deadlines applicable to Plaintiff will run from the time Plaintiff's counsel enters an appearance; and,

(5) Plaintiff's Motion Requesting Privileged Legal Mail Status is **denied**.

BY THE COURT:

DATED this 10 day of September, 2007.

Tena Campbell, Chief Judge
United States District Court