# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| KEVIN K. KING,<br><br>Plaintiff,<br><br>v.<br><br>DAVE PATT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:04-cv-829-TC-PMW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is prison inmate Kevin K. King's ("Plaintiff") pro se motion for appointment of new counsel.[2]

"The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1).

While Plaintiff had no constitutional right to counsel, the court previously appointed counsel to represent him in this case.[3] To Plaintiff's great benefit, the law firm of Ray Quinney

---

[1] *See* docket no. 101.

[2] *See* docket no. 108.

[3] *See* docket no. 60.

& Nebeker ("RQN") accepted the court's request to appear pro bono on Plaintiff's behalf. Subsequently, however, RQN attorneys moved to withdraw as Plaintiff's counsel, citing differences that had arisen between Plaintiff and RQN attorneys that rendered it unreasonably difficult for RQN attorneys to effectively continue their representation of Plaintiff.[4] Plaintiff filed responses to RQN's motion, in which he made bald, unsupported allegations about RQN attorneys' mishandling of his case and his dissatisfaction with their analysis and advice.[5]

The court held a hearing on RQN's motion on February 1, 2011.[6] Plaintiff was transported to the court from the Utah State Prison for purposes of the hearing. Attorneys Matthew R. Lewis and Matthew M. Cannon appeared for RQN. At the hearing, Plaintiff reiterated some of his allegations concerning his dissatisfaction with RQN attorneys' analysis and advice. Plaintiff also indicated that the major source of that dissatisfaction was based on advice he had received from non-lawyer inmates at the Utah State Prison. At the conclusion of the hearing, the court granted RQN's motion to withdraw.

Under the circumstances, the court is unwilling to appoint new counsel to represent Plaintiff in this civil case. Plaintiff's past course of conduct with RQN gives the court little

---

[4] *See* docket no. 100.

[5] *See* docket nos. 102, 105.

[6] *See* docket no. 106.

confidence that Plaintiff is or would be willing to listen to or follow the advice of new counsel.

Accordingly, Plaintiff's motion for appointment of new counsel is **DENIED**.

    **IT IS SO ORDERED**.

    DATED this 3rd day of March, 2011.

                                  BY THE COURT:

                                  PAUL M. WARNER
                                  United States Magistrate Judge